UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOSE MENDOZA JR.,

                Plaintiff(s),

    v.

AMALGAMATED TRANSIT UNION
INTERNATIONAL, et al.,

                Defendant(s).

Case No. 2:17-CV-2485 JCM (CWH)

ORDER

Presently before the court is plaintiff Jose Mendoza Jr.'s motion for a temporary restraining order. (ECF No. 7).[1]

Also before the court is plaintiff's motion for leave to file excess pages (ECF No. 6) and *ex parte* motion to withdraw plaintiff's motion for leave to file excess pages, (ECF No. 8).

Also before the court is plaintiff's motion to strike defendants' statement. (ECF No. 12).

**I.    Facts**

The factual background of this case spans seven years. The court briefly summarizes plaintiff's allegations as relevant to the instant motion for temporary restraining order.

---

[1] Plaintiff has not filed a motion for preliminary injunction. Plaintiff styles his motion for a temporary restraining order alternatively as a motion for a preliminary injunction. *See* (ECF No. 7). This does not comport with the Local Rules. *See* LR IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document."). This local rule serves an important function in the context of temporary restraining orders and preliminary injunctions, as although the motions contain similarities, there are different standards for granting each motion. *Compare* Fed. R. Civ. P. 65(a) (requirements for granting a preliminary injunction), *with* Fed. R. Civ. P. 65(b) (requirements for granting a temporary restraining order).

1    Plaintiff Mendoza was the president of Amalgamated Transit Union Local 1637 ("Local

2    1637"), which is a local union that is affiliated with Amalgamated Transit Union International

3    ("International").

4    Between 2010 and 2016, plaintiff had multiple disputes with International, many of which

5    revolved around the appropriate way to read Local 1637's bylaws.  Two primary disagreements

6    between plaintiff and International concern the appropriate rate of pay for the president of Local

7    1637 and whether the president could designate the secretary-treasurer position as less than full-

8    time.

9    Article 4 of Local 1637's bylaws governs the president's rate of pay.  (ECF No. 7-11).

10   Plaintiff asserts that the version of the 2012 local bylaws sent to him by International president

11   Lawrence Hanley reads "The President/Business Agent shall be paid at a daily rate of 8 hours

12   times the highest hourly rate paid to an employee in their respective job classification for 40 hours

13   per week to perform duties of the office."  (ECF No. 7-11).  Plaintiff contends that International

14   has the wrong version of Article 4 on file.  (ECF No. 7).  Plaintiff believes that the correct version

15   of Article 4 omits the term "respective."  (ECF No. 7).  Plaintiff thus reads the bylaw language as

16   entitling plaintiff to the highest rate of pay of any employee in the union (which is a mechanic's

17   rate). (ECF No. 7).  Plaintiff alleges that defendant International attempted to limit plaintiff's pay

18   to the highest hourly rate paid to an employee in plaintiff's job classification of driver.  (ECF No.

19   7).

20   The dispute over whether president could designate the secretary-treasurer position as less

21   than full time turns on whether Local 1637 ever adopted amendments to its bylaws.  (ECF No. 7).

22   Plaintiff contends that Local 1637's executive board's adopted bylaws that would allow the

23   president to designate the secretary-treasurer as less than full time.  (ECF No. 7).  Plaintiff alleges

24   that defendant International would not approve of the adopted bylaws.  (ECF No. 7).

25   Plaintiff alleges that he took proactive measures to resolve the outstanding issues with

26   International.  On December 31, 2016, plaintiff agreed to repay Local 1637 for the alleged

27   overpayments he received as president.  (ECF No. 7).  Plaintiff asserts that he continues to make

28   these payments without delay.  (ECF No. 7).

**James C. Mahan**
**U.S. District Judge**

On January 14, 2017, plaintiff sent a correspondence to Hanley requesting information on the proper way to amend the bylaws to avoid future conflicts with International. (ECF No. 7). Plaintiff alleges that multiple emails were exchanged, during which plaintiff explained that quorum was often not met at Local 1637's meetings and the Executive Board was overwhelmingly in favor of amending the bylaws and planned on doing so pursuant to Section 13.2 of the ATU Constitution.[2] (ECF No. 7). Hanley expressed concern regarding the potentially anti-democratic nature of plaintiff's proposed method of amending the bylaws and suggested that Section 13.2 did not allow for amendment in the manner that plaintiff had described. (ECF No. 7).

On January 30, 2017, Hanley notified plaintiff that International would request an audit of Local 1637 by an internal auditor (Tyler Home) with the assistance of International Vice President James Lindsay.

In February and March of 2017, plaintiff and Hanley sent multiple emails to each other related to the proposed amendments (amongst other things). (ECF No. 7). Plaintiff took the position that Local 1637's executive board had validly adopted the amendments. (ECF No. 7). Hanley took the position that the amendments were not validly adopted. (ECF No. 7).

On March 10, 2017, Home and Lindsay produced their internal audit report. (ECF No. 7). The report found that Mendoza committed financial malfeasance.[3] (ECF No. 7). On April 10,

---

[2] Section 13.2 of the ATU Constitution reads, in relevant part,

> The bylaws and rules of LUs and amendments thereto, to be legal and effective, shall be read at two (2) regular meetings of the LU and posted at appropriate locations with notice of the meeting at which the second reading shall occur before adoption and it shall require a two-thirds vote of the membership in attendance and voting at the second union meeting to adopt. After posting the proposed bylaws, rules or amendments for adoption and failing to obtain a quorum at two (2) consecutive meetings of the LU, the local executive board shall have the power, unless otherwise restricted by law, by a two-thirds vote of the total membership of the executive board to adopt such proposals on behalf of the LU. Such a vote, if taken, shall dispose of the question and stand as the vote of the LU membership. *After adoption by the LU the bylaws, rules or amendments so adopted shall be forwarded to the IP for approval and must have the approval of the IP before going into effect.*

(ECF No. 7-28 at 58) (emphasis added).

[3] Plaintiff's motion cites an independent audit report, prepared by Miller Kaplan and Arase, which states that management corrected all non-trivial misstatements in their 2015 financial

**James C. Mahan**
**U.S. District Judge**

2017, Hanley removed plaintiff from his position as president and imposed a trusteeship over Local

1637.  Hanley's trusteeship order states, in part:

> It has come to the attention of this office that there are several issues severely impacting the effective administration and functioning of Local 1637. These problems include, but are not necessarily limited to, the following: 1) overpayment to the president/business agent in the form of salary' and vacation pay; 2) multiple instances or financial malpractice and/or malfeasance including failure to complete required audits, failure to authenticate expenses for purposes or reimbursement, and an unauthorized withdrawal of cash to pay officers' salaries; 3) impediments to democratic functioning, resulting in chronic failure to achieve quorums at membership meetings; 4) failure to timely process grievances; and 5) failure to comply with the directive of the International President with respect to the role and responsibilities of the financial secretary-treasurer.

(ECF No. 7-39).

The trusteeship order appointed Lindsay as trustee over Local 1637.  (ECF No. 7-39).

Hanley appointed International representative Antonette Bryant as hearing officer for the

trusteeship hearing.  (ECF No. 7).

On April 26, 2017, Hanley sent a notice of trusteeship hearing to Local 1637 and to

plaintiff.  (ECF No. 7-42).  On May 9th and 10th, 2017, Lindsay held the trusteeship hearing.

Plaintiff alleges that two members of International's General Counsel, Keira McNett and Daniel

Smith, were present at the meeting.  Plaintiff alleges that these attorneys,

> [A]ssist[ed] Bryant during this Trusteeship hearing in denying Plaintiff Mendoza due process in the following ways, which include but are not limited to: (1) refusing to allow Mendoza to ask relevant questions during cross-examination; (2) denying Mendoza his right to cross-examine some of ATU's witnesses; (3) presenting biased interested witnesses; (4) failing to object to Bryant's status as hearing officer despite being an employee of Hanley; (5) presenting false evidence and testimony; and (6) failing to review the evidence and identify clearly exculpatory evidence at the hearing, which was their job based on their own representations at the hearing.

(ECF No. 7).  Bryant subsequently ratified the trusteeship.  (ECF No. 7).

Plaintiff alleges that Lindsay has requested that criminal charges be brought against

plaintiff for the alleged misappropriation of union funds.  (ECF No. 7).

## II.    Legal Standard

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order

when the moving party provides specific facts showing that immediate and irreparable injury, loss,

---

reports and that none of the misstatements were material to the 2015 financial statements when considered holistically.

1   or damage will result before the adverse party's opposition to a motion for preliminary injunction

2   can be heard.  Fed. R. Civ. P. 65.  "Injunctive relief is an extraordinary remedy and it will not be

3   granted absent a showing of probable success on the merits and the possibility of irreparable injury

4   should it not be granted." *Shelton v. Nat'l Collegiate Athletic Assoc.*, 539 F.2d 1197, 1199 (9th

5   Cir. 1976).

6          Courts must consider the following elements in determining whether to issue a temporary

7   restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2)

8   likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and

9   (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20, 129 S.Ct. 365, 374

10  (2008).  The test is conjunctive, meaning the party seeking the injunction must satisfy each

11  element.  However, "'serious questions going to the merits' and a balance of hardships that tips

12  sharply towards the [movant] can support issuance of a preliminary injunction, so long as the

13  [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the

14  public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)

15  (citing *Winter*, 129 S.Ct. at 392).

16  **III.    Discussion**

17          *i.     Temporary restraining order*

18          Plaintiff's motion for a temporary restraining order will be denied.  Plaintiff fails to meet

19  the requirements for *ex parte* injunctive relief.

20          Most importantly, the motion does not attempt to describe how plaintiff could be harmed

21  before the defendants can be heard in opposition.  Although plaintiff's motion contains references

22  to harm that could occur as a result of defendants' conduct, the motion does not adequately explain

23  whether the alleged harm could occur before defendants have an opportunity to respond to

24  plaintiffs claim.  Plaintiff has therefore not demonstrated that a temporary restraining order is

25  appropriate on these facts.  *See* Fed. R. Civ. P. 65(b).

26          Further, plaintiff's motion does not demonstrate a likelihood of success on the merits of

27  plaintiff's claims.  Plaintiff's section discussing his likelihood of success on the merits is dedicated

28  to describing and debunking the defendants' five listed reasons for removing plaintiff from his

James C. Mahan
U.S. District Judge

- 5 -

1  union office and for imposing a trusteeship over Local 1637. *See* (ECF No. 7). Plaintiff's motion

2  does not discuss any relevant cause of action or why plaintiff is likely to succeed on that particular

3  cause of action. *See* (ECF No. 7). Plaintiff's motion fails to show a likelihood of success on the

4  merits and will be denied on these grounds. *See Winter*, 129 S.Ct. at 392.

5        Finally, the public interest is decidedly against granting *ex parte* injunctive relief in this

6  case. Here, an injunction would greatly upset the status quo by re-instating a suspended executive

7  board and president and dissolving a trusteeship before defendants can explain their actions.

8  Plaintiff has not made a strong enough showing in his motion to justify such extreme court action

9  prior to hearing the defendants' position. *See Shelton*, 539 F.2d at 1199.

10        *ii.    Motion to strike*

11        Plaintiff filed a motion to strike defendants' response to plaintiff's motion. (ECF No. 12).

12  Non-moving parties are not permitted to file "statements" regarding *ex parte* motions. Thus, the

13  court did not review defendants' filing, and will instruct the clerk to strike it from the record.

14  **IV.   Conclusion**

15        Plaintiff has not shown this court that the extraordinary remedy of an *ex parte* injunction

16  is warranted on these facts. The court will therefore deny plaintiff's motion for a temporary

17  restraining order (ECF No. 7).

18        Accordingly,

19        IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for a

20  temporary restraining order (ECF No. 7) be, and the same hereby is, DENIED.

21        IT IS FURTHER ORDERED that plaintiff's motion for leave to file excess pages (ECF

22  No. 6) be, and the same hereby is, DENIED as moot.

23        IT IS FURTHER ORDERED that plaintiff's *ex parte* motion to withdraw plaintiff's motion

24  for leave to file excess pages (ECF No. 8) be, and the same hereby is, DENIED as moot.

25  . . .

26  . . .

27  . . .

28  . . .

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED that plaintiff's motion to strike (ECF No. 12) be, and the

2 same hereby is, granted.  The clerk shall strike defendants' statement (ECF No. 11) from the record

3 in this case.

4    DATED September 28, 2017.

5                                              _____

6                                              UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**