# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSE MENDOZA, JR., | Case No. 2:17-cv-02485-JCM-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| AMALGAMATED TRANSIT UNION INTERNATIONAL, et al., | |
| Defendants. | |

Presently before the Court is Defendant Amalgamated Transit Union International's motion to stay discovery (ECF No. 39), filed on December 8, 2017. Plaintiff Jose Mendoza, Jr. filed a response (ECF No. 49) on December 22, 2017, and Defendants filed a reply (ECF No. 50) on December 29, 2017.

Also before the Court is Plaintiff's motion to stay the deadline to amend pleadings (ECF No. 53), filed on February 5, 2018. Defendants filed a response (ECF No. 54) on February 20, 2018, and Plaintiff filed a reply (ECF No. 55) on February 27, 2018.

**I.     Introduction**

This case arises from Plaintiff's dispute with the Amalgamated Transit Union International ("International"). Plaintiff formerly served as the president of Amalgamated Transit Union Local 1637 ("Local 1637"), which is a local union that is affiliated with International. Between 2010 and 2016, Plaintiff had multiple disputes with International, many of which revolved around the appropriate way to read Local 1637's bylaws. Two primary disagreements between Plaintiff and International concern the appropriate rate of pay for the president of Local 1637 and whether the president could designate the secretary-treasurer position as less than fulltime. Article 4 of Local 1637's bylaws governs the president's rate of pay. (ECF No. 7-11). Plaintiff asserts that the version of the 2012 local bylaws sent to him by International president

Lawrence Hanley reads "The President/Business Agent shall be paid at a daily rate of 8 hours times the highest hourly rate paid to an employee in their respective job classification for 40 hours per week to perform duties of the office." (ECF No. 7-11). Plaintiff contends that International has the wrong version of Article 4 on file. (ECF No. 7). Plaintiff believes that the correct version of Article 4 omits the term "respective." (ECF No. 7). Plaintiff thus reads the bylaw language as entitling plaintiff to the highest rate of pay of any employee in the union (which is a mechanic's rate). (ECF No. 7). Plaintiff alleges that defendant International attempted to limit Plaintiff's pay to the highest hourly rate paid to an employee in Plaintiff's job classification of driver. (ECF No. 7). The dispute over whether president could designate the secretary-treasurer position as less than full time turns on whether Local 1637 ever adopted amendments to its bylaws. (ECF No. 7). Plaintiff contends that Local 1637's executive board's adopted bylaws that would allow the president to designate the secretary-treasurer as less than full time. (ECF No. 7). Plaintiff alleges that International would not approve of the adopted bylaws. (ECF No. 7).

**II.     Motion to Stay Discovery**

Defendant moves to stay discovery in this case pending the Court's decision on its motion to dismiss (ECF No. 38). Defendant argues that a stay would conserve resources since its motion to dismiss will likely be granted in its entirety. Plaintiff argues that the motion to dismiss is unlikely to be granted, so discovery should proceed.

It is within the Court's broad discretion whether to stay discovery pending resolution of a dispositive motion. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In order to determine if a stay is appropriate, the court considers whether (1) the pending motion is potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). The party seeking a stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (noting that a

stay of discovery may be appropriate where the complaint was "utterly frivolous, or filed merely for settlement value.").

Further, "a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief." *Tradebay LLC V. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The *Tradebay* standard is a "heavy burden," not easily met. *Id. See also, Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013). Applying this standard requires the Court to take a "preliminary peek" at the motion to determine its likelihood of success. *Tradebay*, 278 F.R.D. 602-603. This inquiry is not meant to prejudge the motion, but rather to determine whether a stay would help the court to secure the "just, speedy, and inexpensive determination" of the action as required by Rule 1 of the Federal Rules of Civil Procedure. *Id.* The default assumption is that discovery should go forward while a dispositive motion is pending. "Absent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed." *Id.* (quoting *Trzaska v. Int'l Game Tech.*, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011)).

Here, Plaintiff argues that the instant motion is not potentially dispositive, because he believes he has effective arguments as to why each claim will, or should survive the motion to dismiss. However, Plaintiff does not appear to contradict the assertion that the motion seeks to dismiss all of Plaintiff's claims. The Court finds that the motion to dismiss is potentially dispositive of all claims. As for discovery, Plaintiff argues that further discovery is necessary in order to develop his claims in this case, but that is not the relevant standard for this motion. Plaintiff does not contest Defendant's assertions that no discovery is necessary for the Court to decide the motion to dismiss. Therefore, the only issue left for the instant motion is whether the Court is convinced by a "preliminary peek" that Defendant's motion to dismiss will be granted.

Defendant seeks dismissal of the complaint under Rule 12(b)(6), which requires a plaintiff "to provide the grounds of his entitlement for relief." Satisfying this requirement "requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to

dismiss, "factual allegations must be enough to raise the right to relief above the speculative level." *Id.* Additionally, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). Such fundamental deficiencies "should be exposed at the point of minimum expenditure of time and money by the parties and the Court." *Id.* at 558.

Defendant argues that Plaintiff's complaint fails to plead non-conclusory facts to support his conclusion that International did not follow the procedures set forth in its constitution or did not hold a fair hearing. Def.'s Mot. at p. 3-4. Specifically, Defendant argues that since Plaintiff alleges Defendant's actions were fraudulent, he must plead specific facts to support this theory. However, a review of Plaintiff's complaint shows a number of specific allegations to support Plaintiff's fraud claims. Plaintiff alleges that Defendant "unilaterally altered the Local 1637 By Laws to support charges against [Plaintiff] and to support placing Local 1637 into trusteeship by adding the word "respective" to Article 4." Pl.'s Compl., at ¶ 101. Plaintiff further alleges that Defendants knew that Article 4 of the Local 1637 By Laws was never amended during the relevant time periods, yet made representations to the contrary at a trusteeship hearing to support the removal of Mr. Mendoza from office. *Id.* At ¶¶ 102-103. Plaintiff's complaint contains other similarly specific allegations. For the purposes of its "preliminary peek," the Court is not convinced that Defendant's motion to dismiss will prevail on the issue of inadequately pled allegations of fraud. The Court will therefore deny the motion to stay discovery.

### III. Motion to Stay Deadlines

A motion to extend a deadline made within 21 days of the subject deadline must be supported by a showing of good cause. Further, "[a] request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." Local Rule 26-4. Here, the Court's scheduling order (ECF No. 31) set the deadline to amend pleadings and add parties as February 5, 2018. Plaintiff brought his motion to amend the pleadings on February 5, so the "good cause" standard applies.

Plaintiff argues that because the Court is still considering the pending motion to dismiss,

1 he has been unable to effectively amend the pleadings in this case. Plaintiff notes that in light of the Court's previous order on Plaintiff's motion to remand (ECF No. 30), some of Plaintiff's causes of action will be dismissed. He requests that the deadline be stayed until after the Court issues its ruling on Defendant's motion to dismiss.

The Court does not find good cause for an extension of indefinite length at this time. Plaintiff was made aware of the deadline to amend the pleadings on November 11, 2017, when the Court issued its scheduling order. This was less than one week after the Court's order on the motion to remand. Plaintiff therefore knew of both the deadline to amend pleadings and the likelihood that he would need to do so well in advance of the deadlines. Plaintiff cites no authority in support of his argument that he is unable to amend the pleadings until the Court issues its order on the motion to dismiss, and the Court is unpersuaded. Finally, since the date at which the Court will issue its order on the motion to dismiss is not known, an extension of the deadline to amend pleadings would necessarily be for an indefinite period. Such extensions are disfavored. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007) (noting that "[g]enerally, stays should not be indefinite in nature."). The Court will therefore deny the motion.

IT IS THEREFORE ORDERED that Defendant's motion to stay discovery (ECF No. 39) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to stay the deadline to amend pleadings (ECF No. 53) is DENIED.

DATED: March 23, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE